## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER J. KACHUR, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WMC MORTGAGE CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 18-15111 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon *pro se* Plaintiffs Peter J. Kachur and Mary J. Kachur's ("Plaintiffs") application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 ("IFP Application") (Appl., ECF No. 1-1). The Court, having carefully considered the Plaintiffs' IFP Application, denies the application without prejudice because Plaintiffs have failed to adequately demonstrate that they cannot pay the filing fee.

**I.    Discussion**

In the Third Circuit, an application to proceed without paying filing fees is "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted). The Court, accordingly, must carefully review an application and "if convinced that [the applicants are] unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* [("IFP")]." *Id.* (citation omitted). The Court must dismiss any matter "if the court determines that . . . the allegation of poverty is untrue; or the action . . . . (i) is frivolous

or malicious; (ii) fails to state claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. 1915(e)(2).

Plaintiffs have not convinced the Court that they are unable to pay the costs and fees. First, Plaintiffs did not follow the instructions on the IFP Application. Specifically, Plaintiffs failed to indicate the source of $2,350 of income identified in the "Other" section of the IFP Application. (Appl. at 2.) This represents a little over half of Plaintiffs' total monthly income of $4,500. (*Id.*) In addition, Plaintiffs state that they have savings of $1,250. (*Id.*) Plaintiffs, however, have not identified why they cannot apply their savings to the costs of filing the instant suit. The IFP application also reflects monthly expenses of approximately $4,721. (*Id.* at 4.) Among these expenses is a monthly payment of $378 for a leased 2018 Toyota RAV-4. (*Id.* at 3-4.) Absent an adequate explanation, the leasing of a new vehicle and the attendant expenses generally associated with a lease suggest that Plaintiffs are not indigent. While a "person need not be absolutely destitute to proceed *in forma pauperis*," the Plaintiffs "must establish that [they are] unable to pay the costs of [their] suit." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (citations and internal quotations marks omitted). Considering Plaintiffs' monthly income, savings, and expenses, Plaintiffs have not established that they cannot pay the costs of litigation. Plaintiffs, accordingly, may submit the filing fee or file a renewed application correcting the deficiencies in their application and providing further details that address the Court's concerns.

---

[1] Although the Court does not reach the merits of Plaintiffs' application for a Temporary Restraining Order ("TRO") or screen the Complaint for dismissal under 28 U.S.C. § 1915, the Court notes that to the extent plaintiffs seek relief that would disrupt a state court foreclosure judgment, courts cannot provide such relief. *See Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citations omitted) ("The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision."). Should Plaintiffs demonstrate their entitlement to proceed IFP or pay the filing fee, the Court would then evaluate the merits of Plaintiff's application for a TRO.

## II. Conclusion

For the foregoing reasons, Plaintiffs' application to proceed without payment of fees is **DENIED** without prejudice. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp  
**MICHAEL A. SHIPP**  
**UNITED STATES DISTRICT JUDGE**

**Dated:** October, 31, 2018