UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER J. KACHUR and MARY J. KACHUR,<br><br>Plaintiffs,<br><br>v.<br><br>WMC MORTGAGE CORPORATION *et al.*,<br><br>Defendants. | Civ. No. 18-15111<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## **INTRODUCTION**

This matter comes before the Court upon the Motion for Summary Judgment filed by Defendants J.P. Morgan Chase Bank, N.A.; U.S. Bank National Association as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC4, Asset-Backed Pass-Through Certificates, Series 2006-WMC-4 (improperly pled as "J.P. Morgan Chase Acceptance Corporation I") ("Defendant Trust"); US Bank, N.A.; and Issuing Entity Trust J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 (collectively, "Moving Defendants"). (ECF No. 13.) Plaintiffs Peter J. Kachur and Mary J. Kachur (collectively, "Plaintiffs") oppose. (ECF No. 20.) The Court has decided the Motion based on the written submissions of the parties, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is granted in part and denied in part.

## **BACKGROUND**

This case arises from a note and mortgage that eventually led to the foreclosure of Plaintiffs' real property. On August 10, 2006, Plaintiffs and Defendant WMC Mortgage

1

Corporation (which has not moved for summary judgment) executed a note and mortgage. (Moving Defs.' Stmt. of Undisputed Material Facts ("SUMF") ¶¶ 1–2, ECF No. 13-3; Compl. ¶¶ 32–34, ECF No. 1.) On May 1, 2010, Plaintiffs failed to make a monthly payment and thus entered default. (SUMF ¶ 5.) The mortgage was assigned to Defendant Trust on December 10, 2010, which was recorded on April 15, 2011. (*Id.* ¶ 4.)

On October 19, 2015, Defendant Trust initiated foreclosure proceedings against Plaintiffs in New Jersey Superior Court, Chancery Division, Middlesex County. (*Id.* ¶ 6; Super. Ct. Compl., ECF No. 13-6.)[1] In opposing foreclosure in state court, Plaintiffs argued that the mortgage was not properly securitized and transferred. (Super. Ct. Contesting Answer ¶ 2, ECF No. 13-6; Super. Ct. Opp'n to Mot. for Summ. J. at 2–3, 6, 12, ECF No. 13-8.) Therefore, Plaintiffs argued, Defendant Trust had no standing to bring foreclosure proceedings. (Super. Ct. Counterclaim 1st Count ¶¶ 1–10, ECF No. 13-6; Super. Ct. Opp'n to Mot. for Summ. J. at 4–6.) The Superior Court granted judgment for Defendant Trust; struck Plaintiffs' answer, affirmative defenses, and counterclaims; and ordered a sheriff's sale of the property to satisfy Plaintiffs' debt. (Super. Ct. Order Granting Summ. J. ¶¶ 1–2, ECF No. 13-8; Super. Ct. Final J., ECF No. 13-8; *see also* Super. Ct. Order Dismissing Appeal, ECF No. 13-8.)

Plaintiffs filed the present suit on October 19, 2018. (Compl. at 1.) In the Complaint, Plaintiffs claim that the note and mortgage were never properly transferred from Defendant WMC Mortgage Corporation to Defendant Trust or any other party. (*Id.* ¶¶ 21–24, 48.) They also claim that

> Defendants . . . cannot establish possession [or] show proper receipt, transfer,

---

[1] References to "Plaintiffs" and "Defendants" refer to the parties' postures in this case, not in the foreclosure action. All ECF numbers refer to this case's docket.

> negotiations, assignment and ownership of the Tangible Mortgage Note [and have not] perfected any colorable claim of title or security interest in the Real Property. [Therefore,] none of the parties to transaction, nor any of the Defendants in this case, hold a perfected and secured claim in the Real Property; and . . . all Defendants are equitably estopped and precluded from asserting an unsecured claim against Plaintiffs' estate.

(*Id.* ¶ 26.) Plaintiffs seek "a judicial determination and declaration of their rights about the Real Property and the corresponding Tangible Mortgage Note" as well as damage, injunctive relief, and "cancellation of [certain] written instruments." (*Id.* ¶¶ 27–28.)

The Complaint alleges fourteen counts in all: (1) unjust enrichment (*id.* ¶¶ 51–54); (2) violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Cons. Stat. § 2270.1 *et seq.* (Compl. ¶¶ 55–60); (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Compl. ¶¶ 61–68); (4) lack of standing/wrongful foreclosure (*id.* ¶¶ 69–82); (5) quiet title (*id.* ¶¶ 83–90); (6) slander of title (*id.* ¶¶ 91–96); (7) fraud in the concealment (*id.* ¶¶ 97–105); (8) fraud in the inducement (*id.* ¶¶ 106–13); (9) unconscionable contract (*id.* ¶¶ 114–21); (10) breach of contract (*id.* ¶¶ 122–26); (11) rescission under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (Compl. ¶¶ 127–31); (12) intentional and negligent infliction of emotional distress (*id.* ¶¶ 132–35); (13) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (Compl. ¶¶ 136–45); and (14) declaratory and injunctive relief (*id.* ¶¶ 146–50).

On February 7, 2019, Moving Defendants filed the present Motion for Summary Judgment. (ECF No. 13.) After receiving extensions of time (ECF Nos. 16, 19), Plaintiffs opposed the Motion on April 30, 2019 (ECF No. 20).[2] Moving Defendants replied on May 6,

---

[2] Plaintiffs did not, however, file a response to Moving Defendants' Statement of Undisputed Material Facts.

2019. (ECF No. 21.) On June 25, 2019, this case was reassigned to the Honorable Anne E. Thompson. (ECF No. 22.) The Motion is presently before the Court.

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). Consequently, "[s]ummary judgment is precluded if a disputed fact exists which might affect the outcome of the suit under the controlling substantive law." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (citing *Anderson*, 477 U.S. at 248).

In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## DISCUSSION

For the reasons explained below, summary judgment is granted for Moving Defendants

4

on all Counts except for Counts Three, Seven, and Eight.

## I. Summary Judgment Is Granted on Claims Relitigating State-Court Proceedings (Counts Four, Five, Six, and Fourteen)

The *Rooker-Feldman* doctrine eliminates several of Plaintiffs' claims. This doctrine bars suits that ask federal district courts to reverse state-court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It applies where "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon*, 544 U.S. at 284) (internal quotations and brackets omitted). In a recent case, this Court applied *Rooker-Feldman* to dismiss a federal suit that attempted to halt a state-court foreclosure action:

> Plaintiff challenged his foreclosure in state court, filing numerous motions and appeals, to which Plaintiff admits. Plaintiff alleged in the state-court proceedings that the foreclosure was fraudulent, and Plaintiff alleges much of the same here. . . . Plaintiff was denied relief in state court, and now seeks similar relief here in federal court. Because Plaintiff seeks "[i]mmediate cessation of any State Court Eviction Proceedings," which plaintiff already sought in state court, the *Rooker-Feldman* doctrine prevents the Court from entertaining the Complaint as it lacks jurisdiction to do so.

*Kajla v. Cleary*, 2019 WL 77067, at *3 (D.N.J. Jan. 2, 2019) (internal citations omitted).

Counts Four, Five, Six, and Fourteen all run afoul of *Rooker-Feldman* because finding for Plaintiff on any of these counts would require reversal of the judgment in the state-court foreclosure action. Count Four is based on the contention that Defendants lack standing to foreclose on Plaintiffs' property. (Compl. ¶¶ 69–82.) Count Five seeks to quiet title. (*Id.* ¶¶ 83–90.) Count Six is based on the theory that Defendants made a "false statement derogatory to Plaintiffs' title." (*Id.* 96.) And Count Fourteen seeks declaratory judgment that Defendants

5

cannot sue to collect receivables and an injunction to stop them from doing so. (*id.* ¶¶ 146–50).[3]

Summary judgment is granted for Moving Defendants on these Counts.[4]

**II.     Summary Judgment Is Granted on Claims that Do Not Implicate Moving Defendants (Counts One, Nine, and Ten)**

Counts One, Nine, and Ten appear to implicate only Defendant WMC Mortgage Corporation. (Compl. ¶¶ 51–54, 114–26.) This issue was raised by Moving Defendants (Mot. at 9, 21, 22), and Plaintiffs have not demonstrated how Moving Defendants are liable under these counts.[5] Summary Judgment is therefore granted for Moving Defendants.

**III.     Summary Judgment Is Granted on Claims Barred by Statutes of Limitations (Counts Eleven and Twelve)**

Count Eleven is brought under the Truth in Lending Act. (Compl. ¶¶ 127–31.) The Truth in Lending Act requires various disclosures shortly before certain transactions occur, 15 U.S.C. § 1639(a), (b), and allows claims to be brought "before the end of the 3-year period beginning on the date of the occurrence of the violation." § 1640(e). Any failure to disclose would have

---

[3] It is somewhat unclear which Defendants are being sued under Count Fourteen. Defendant WMC Mortgage Corporation is specifically named (Compl. ¶ 150) but is not moving for summary judgment here. Count Fourteen cannot target Defendant Trust because that would implicate Defendant Trust's position in the state-court foreclosure action and thus violate *Rooker-Feldman*. Equitable relief cannot be granted against any other Moving Defendant because there is no immediate possibility of harm from these Defendants. *See* 28 U.S.C. § 2201 (requiring an "actual controversy" for declaratory judgment); *Cutaiar v. Marshall*, 590 F.2d 523, 527 (3d Cir. 1979) (requiring that, for declaratory judgment purposes, the controversy be "of sufficient immediacy"); *City of Los Angeles v. Lyons*, 461 U.A. 95, 111 (1983) (holding that injunctive relief requires "likelihood of substantial and immediate irreparable injury" that cannot be "speculative").

[4] When the Complaint was filed, Plaintiffs sought a temporary restraining order that would prohibit the sale of their property. (Verified Emergency Petition, ECF No. 1-6; Proposed Temporary Restraining Order, ECF No. 1-2.) Such a temporary restraining order would reverse the state-court judgment, so Plaintiffs' request is also denied on *Rooker-Feldman* grounds.

[5] Under Count One, Plaintiffs posit a theory of liability based on Defendants' attempt "to gain possession of Plaintiff[s'] house through an unlawful Sheriff sale." (Opp'n at 7.) But this is not a sturdy foothold for liability because of the *Rooker-Feldman* doctrine.

6

occurred in 2006, around the time that Plaintiffs executed the note and mortgage (SUMF ¶¶ 1–2),

well more than three years before the Complaint was filed.[6]

Count Twelve asserts intentional infliction of emotional distress and negligent infliction

of emotional distress. (Compl. ¶¶ 132–35.) Both causes of action have a two-year statute of

limitations. N.J.S.A. § 2A:14-2(a); *Agcaoili v. Thayer*, 365 F. App'x 372, 375 (3d Cir. 2010);

*Fraser v. Bovino*, 721 A.2d 20, 25 (N.J. Super. Ct. App. Div. 1998). Count Twelve appears to

apply only to Defendant WMC Management Corporation (*see* Compl. ¶ 134), and Moving

Defendants appear to be implicated, if at all, by the transfer of the note in 2010 (*id.* ¶ 133). Thus,

any emotional distress was inflicted outside the two-year statute of limitations. Statutes of

limitations therefore compel summary judgment for Moving Defendants on Counts Eleven and

Twelve.

**IV. Summary Judgment Is Granted as to Count Two Because No Facts Connect This Case to Pennsylvania**

Count Two arises under the Pennsylvania FCEUA, 73 Pa. Cons. Stat. § 2270.1 *et seq.*

The FCEUA protects "consumers" against "debt collectors" and "creditors." 73 Pa. Cons. Stat.

2270.4. But the statute defines "consumers," "debt collectors," and "creditors" to include only

those with particular connections to the Commonwealth of Pennsylvania. 73 Pa. Cons. Stat. §

2270.3 (defining "consumer" as "[a] natural person residing in this Commonwealth . . . or one

who has incurred or is alleged to have incurred liability for [a] debt within this Commonwealth,"

---

[6] Plaintiffs argue for application of the continuing violation doctrine, which applies when acts "are linked in a pattern of actions which continues into the applicable limitations period." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (quoting *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006)). But Plaintiffs do not allege a continuing violation; they allege a discrete legal wrong—the failure to disclose required information—that occurred in 2006.

7

defining "debt collector" as "[a] person . . . conducting business within this Commonwealth," and defining "creditor" as "[a] person . . . conducting business under the name of a creditor and within this Commonwealth"). Neither the Complaint nor any evidence presented from the record ties Plaintiffs or Moving Defendants to Pennsylvania, so the FCEUA does not apply. Summary judgment is granted on this Count.

## V. Summary Judgment Is Denied as to Count Three Because a Reasonable Jury Could Find Moving Defendants to Be Debt Collectors Under the FDCPA

Count Three alleges violation of the FDCPA. (Compl. ¶¶ 61–68.) Moving Defendants' sole argument for summary judgment on this Count is that they are not "debt collectors" under the statute. (Mot. at 14–15.)

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). Thus, a debt collector *either* (1) has the principal purpose of debt collection, *or* (2) regularly collects another person's debts. *Id.* So even if Moving Defendants collect their own debts, they could still be debt collectors under the "principal purpose" definition. *See Tepper v. Amos Fin., LLC*, 898 F.3d 364, 367 (3d Cir. 2018) (citing *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721–22 (2017)). Moving Defendants claim that they cannot be both creditors and debt collectors with regard to the same debt, but the statute contemplates that a single actor can be both. *Id.* at 371. Moving Defendants also argue that they cannot be considered debt collectors if they purchased the debt before it went into default, *see* § 1692a(6)(F)(iii) (exempting those collecting "a debt which was not in default at the time it was obtained by such person"), but this "default test" does not apply to debt collectors defined by the "principal purpose" test, *Tepper*, 898 F.3d at 370. A reasonable jury could find facts to support

8

the conclusion that Moving Defendants are debt collectors under the FDCPA—particularly given that no party has submitted record evidence related to the "principal purpose" standard. Summary judgment on this Count is denied.

**VI.     Summary Judgment Is Denied as to Counts Seven and Eight Because *Rooker-Feldman* Does Not Apply and Moving Defendants Have Not Shown that the Statute of Limitations Has Run**

Count Seven alleges fraud in the concealment, claiming that Defendants concealed the fact that Plaintiffs' note and mortgage would be securitized. (Compl. ¶ 98.) Count Eight alleges fraud in the inducement on the theory that Defendants misrepresented their ability to transfer the note and mortgage. (*Id.* ¶¶ 107–08.) For both Counts, Plaintiffs claim that, had they known the truth, they would not have agreed to execute the note and mortgage. (*Id.* ¶¶ 99, 109.)

Moving Defendants argue that these fraud claims are barred by *Rooker-Feldman* (as well as issue preclusion and claim preclusion) because they "appear[] to challenge the Trust's ownership and standing to enforce the Note and Mortgage," issues which were adjudicated in the state-court foreclosure action. (Mot. at 20.)[7] But Plaintiffs do not challenge anyone's ability to enforce the note and mortgage. Rather, they claim that they never would have agreed to execute the note and mortgage in the first place, had it not been for Defendants' alleged misrepresentations. Because Plaintiffs are not challenging the state court's determinations here, *Rooker-Feldman* does not apply.

Separately, Moving Defendants argue that the statute of limitations bars Counts Seven and Eight. Both causes of action have a six-year statute of limitations that "begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the

---

[7] Similarly, Moving Defendants claim that "Plaintiffs do not have standing to challenge the securitization and transfer to the trust." (Mot. at 19.)

fraud." N.J.S.A. § 2A:14-1; *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999). When Plaintiffs discovered the required facts is not clear. Plaintiffs should have known that something was awry by around October 23, 2014, for on that date they were sent a Notice of Intention to Foreclose that named Defendant Trust as the lender. (Notice at 1, ECF No. 13-7.) The Court has not been presented with any evidence showing that Plaintiffs would have had reason to know before 2014.[8] Thus, the Court cannot conclude that the statute of limitations bars these claims. Summary judgment is denied as to Counts Seven and Eight.

### VII. Summary Judgment Is Granted as to Count Thirteen Because Plaintiffs Do Not Demonstrate a Pattern of Racketeering Activity

Count Thirteen alleges RICO violations by Defendants. (Compl. ¶¶ 136–45.) To succeed on a RICO claim, a plaintiff must demonstrate, among other things, that the defendant participated in a pattern of racketeering activity. 18 U.S.C. §§ 1962(c), 1964(c); *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004). A pattern requires at least two predicate acts of racketeering activity. *Id.* (citing § 1961(5)). "Racketeering activity" includes a long list of federal crimes, including mail fraud, § 1341, wire fraud, § 1343, financial institution fraud, § 1344, and interference with commerce by robbery or extortion, § 1951. *See* § 1961(1).

The Complaint pleads that "Defendants have devised a scheme to defraud and obtain money by means of fraudulent pretenses by selling or assigning a debt that they no longer owed . . . and then misrepresenting its ownership of the debt while still collecting on such debts in its own name without actual ownership." (Compl. ¶ 141.) It also asserts that "Defendants have

---

[8] The loan was securitized in 2006. (SUMF ¶ 3.) It was assigned to Defendant Trust in 2010, which was recorded in 2011. (*Id.* ¶ 4.) But there is no reason to think that Plaintiffs would have known about the securitization or assignment when they happened.

attempted to extort Plaintiffs by threatening to foreclose . . . . based upon invalid and indeed illegal debt collection practices." (*Id.* ¶ 144.) But the state court has already found that Defendant Trust was legally entitled to seek foreclosure, so *Rooker-Feldman* precludes this Court from reversing that determination. Plaintiffs have provided no further evidence of racketeering activity in their summary-judgment briefing. Because Plaintiffs have not put forward facts that a reasonable jury could accept as establishing a pattern of racketeering activity, summary judgment for Moving Defendants on Count Thirteen is granted.

## CONCLUSION

For the foregoing reasons, Moving Defendants' Motion for Summary Judgment is granted in part and denied in part. An appropriate Order will follow.

Date:   8/14/19                             */s/ Anne E. Thompson*
                                                                                   ANNE E. THOMPSON, U.S.D.J.