NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

PETER J. KACHUR and MARY J. KACHUR,

              Plaintiffs,

     v.

WMC MORTGAGE CORPORATION *et al.*,

              Defendants.

Civ. No. 18-15111

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion for Summary Judgment filed by Defendants J.P. Morgan Chase Bank, N.A.; U.S. Bank National Association as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC4, Asset-Backed Pass-Through Certificates, Series 2006-WMC-4 (improperly pled as "J.P. Morgan Chase Acceptance Corporation I") ("Trust"); US Bank, N.A.; and Issuing Entity Trust J.P. Morgan Mortgage Acquisition Trust 2006-WMC4 (collectively, "Moving Defendants"). (ECF No. 30.) Plaintiffs Peter J. Kachur and Mary J. Kachur (collectively, "Plaintiffs") oppose. (ECF No. 35.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion for Summary Judgment is granted.

## BACKGROUND

This case arises from an unpaid mortgage that eventually led to the foreclosure of Plaintiffs' real property. On August 10, 2006, Defendant WMC Mortgage Corporation, which

1

has not moved for summary judgment, and Plaintiffs executed a note and mortgage. (Compl. ¶¶ 32–34, ECF No. 1.) The mortgage was assigned to Defendant Trust on December 10, 2010, and the assignment was recorded on April 15, 2011. (Syphus Cert. ¶ 5, Ex. 3, ECF No. 13-7.) The loan records reflect that Plaintiffs failed to make the required monthly payment due on May 1, 2010. (*Id.* ¶ 8.)

On December 14, 2010, Defendant Trust initiated a foreclosure action against Plaintiffs in New Jersey Superior Court. (2010 Compl. at 7, Ex. G, ECF No. 30-3.) On October 19, 2015, Defendant Trust again initiated foreclosure proceedings against Plaintiffs in New Jersey Superior Court. (2015 Compl., Ex. 1, ECF No. 13-6.) The Superior Court granted judgment for Defendant Trust and ordered a sheriff's sale of the property to satisfy Plaintiffs' debt. (Super. Ct. Final J. at 32–33, Ex. 6, ECF No. 13-8.)[1] Plaintiffs filed an appeal, which the Appellate Division dismissed on March 19, 2018. (Order Dismissing Appeal, Ex. 7, ECF No. 13-8.) From April 24, 2018 to November 15, 2019, Plaintiffs filed four separate petitions for bankruptcy relief. (Exs. B–E, ECF No. 30-3.) In each of these cases, Plaintiffs stated, under penalty of perjury, that they did not have any claims against third parties or rights to sue. (*Id.*)

Plaintiffs filed the present suit on October 19, 2018. (ECF No. 1.) The Complaint alleges that the note and mortgage were never properly transferred from Defendant WMC Mortgage Corporation to Defendant Trust or any other party. (Compl. ¶¶ 21–24, 48.) Plaintiffs seek "a judicial determination and declaration of their rights about the Real Property and the corresponding Tangible Mortgage Note," as well as damages, injunctive relief, and "cancellation of [certain] written instruments." (*Id.* ¶¶ 27–28.) The Complaint alleges fourteen counts. (*Id.* ¶¶

---

[1] The page numbers to which the Court refers when citing this document are CM/ECF page numbers.

51–150.) On February 7, 2019, Moving Defendants filed their first Motion for Summary Judgment. (ECF No. 13.) The Court granted in part and denied in part, entering judgment in favor of Moving Defendants on Counts One, Two, Four, Five, Six, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen of the Complaint. (ECF No. 24.)

On February 7, 2020, Moving Defendants filed the present Motion for Summary Judgment, seeking dismissal of Counts Three, Seven, and Eight. (ECF No. 30.) These counts allege: (i) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Count Three) (Compl. ¶¶ 61–68); (ii) fraud in the concealment (Count Seven) (*id.* ¶¶ 97–105); and (iii) fraud in the inducement (Count Eight) (*id.* ¶¶ 106–13). On March 10, 2020, Plaintiffs filed an Opposition, but failed to include a response to Moving Defendants' Statement of Material Facts ("SUMF"). (ECF No. 35.) On March 17, 2020, Moving Defendants filed a Reply. (ECF No. 36.) The Motion for Summary Judgment is presently before the Court.

## LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). Consequently, "[s]ummary judgment is precluded if a disputed fact exists which might affect the outcome of the suit under the controlling substantive law." *Josey v.*

*John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993) (citing *Anderson*, 477 U.S. at 248).

In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## DISCUSSION

### I. Statement of Material Facts

An opponent of a motion for summary judgment must file "a responsive statement of material facts, addressing each paragraph of the movants' statement." Local Civ. R. 56.1(a). "[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.* Plaintiffs have failed to file a responsive statement of material facts. Accordingly, the Court will consider the facts stated in Moving Defendants' SUMF (ECF No. 30-2) undisputed.

### II. Count Three

Plaintiffs assert several bases for their FDCPA claims. Plaintiffs primarily argue that Defendants failed to validate the debt, as required under the FDCPA. Plaintiffs sent letters in 2013 and 2014 seeking validation of the debt from Select Portfolio Servicing ("SPS"), the servicer of the loan, and assert that SPS failed to respond adequately. (Pls.' Dep. 19:6–20:9, Ex.

A, ECF No. 30-3.)[2] Plaintiffs also allege that SPS misrepresented that it owned the debt in those letters. (Pls.' Dep. 20:10–21:12.) Similarly, Plaintiffs assert that after the initiation of the 2010 foreclosure action, Plaintiffs wrote to Phelan Hallinan and Shmieg, P.C., counsel for Defendant Trust, seeking validation of the debt. (Pls.' Dep. 21:13–22:5.) Phelan Hallinan allegedly failed to provide adequate validation. (*Id.*)[3] Finally, Plaintiffs claim that Defendants "cover[ed] up" the securitization of the loan and the identity of the new servicer. (Pls.' Dep. 95:5–15.)

Moving Defendants assert that Plaintiffs' claims under the FDCPA are time-barred. (Mot. for Summ. J. at 12, ECF No. 30.) An FDCPA action "may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "[T]he statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 140 S. Ct. 355, 357 (2019). The alleged violations all occurred more than one year before Plaintiffs filed the present suit on October 19, 2018. The alleged failure to verify the debt occurred from 2011 to 2014 through the letters from SPS and Phelan Hallinan. The securitization of the loan occurred in December 2010. Therefore, Plaintiffs' claims under the FDCPA are time-barred.[4]

### III.    Counts Seven and Eight

Count Seven alleges fraud in the concealment, claiming that Defendants concealed the fact that Plaintiffs' note and mortgage would be securitized. (Compl. ¶ 98.) Count Eight alleges

---

[2] Plaintiff sent letters to SPS from June 24, 2013 to August 22, 2014. (Pls.' Dep. 56:8–64:19.) SPS responded by providing the loan, original agreement, the note, the mortgage, a breakdown of the debt owed, and eventually, the assignment. (Pls.' Dep. 57:13–58:7; 59:1–13; 64:11–19.)
[3] Plaintiffs sent the letter on February 5, 2011, and on February 9, 2011, Phelan Hallinan responded by providing copies of the note and mortgage. (Pls.' Dep. 76:19–78:13.)
[4] The Supreme Court did not decide whether the FDCPA "permits the application of equitable doctrines." *Rotkiske*, 140 S. Ct. at 361 n.3. Because Plaintiffs do not raise any equitable tolling arguments, the Court will not consider them here.

fraud in the inducement on the theory that Defendants misrepresented their ability to transfer the note and mortgage. (*Id.* ¶¶ 107–08.) For both Counts, Plaintiffs claim that, had they known that the loan could be transferred to a securitization trust, they would not have agreed to execute the note and mortgage. (*Id.* ¶¶ 99, 109; Pls.' Dep. 23:8–24:25.)

Moving Defendants argue that the statute of limitations bars Counts Seven and Eight. (Mot. for Summ. J. at 13–15.) Under New Jersey law, the statute of limitations for fraud is six years, N.J. Stat. Ann. § 2A:14-1, and a cause of action accrues "when a plaintiff knows or should know of its existence," *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 425 (3d Cir. 1999) (citing *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989)). "When the gist of the action is fraud concealed from the plaintiff, the statute begins to run on discovery of the wrong or of facts that reasonably should lead the plaintiff to inquire into the fraud." *Id.* (citing *Lopez v. Swyer*, 300 A.2d 563, 567 (N.J. 1973)). Therefore, the cause of action accrued when Plaintiffs first discovered, or had reason to suspect, that the loan was securitized.

Moving Defendants provide the complaint from the 2010 foreclosure action brought by Defendant Trust against Plaintiffs in New Jersey Superior Court. (2010 Compl. at 1.) The complaint clearly states that the loan was assigned to Defendant Trust on December 10, 2010. (*Id.* ¶ 2.a.) Plaintiffs were aware of this foreclosure action because they filed a Contesting Answer with Counterclaims on February 8, 2011 (Ex. H, ECF No. 30-3), as well as an Amended Answer in April 2011 (Ex. I, ECF No. 30-3). Additionally, Plaintiffs testified that they knew of the alleged transfer of the loan to a securitization trust as of April 2011. (Pls.' Dep. 73:12–76:5, 95:11–96:12.) Therefore, Plaintiffs became aware of the alleged fraud more than six years before

filing the present Complaint. Accordingly, Counts Seven and Eight are barred by the statute of limitations.[5]

## **CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment (ECF No. 30) is granted. An appropriate Order will follow.

Date: <u>July 27, 2020</u>           <u>*/s/ Anne E. Thompson*</u>
                   ANNE E. THOMPSON, U.S.D.J.

---

[5] Because the claims are barred by the statute of limitations, the Court will not address Moving Defendants' arguments that Plaintiffs' claims are the property of their bankruptcy trustees and that Plaintiffs are estopped from bringing the claims. (Mot. for Summ. J. at 15–20.)